# IN THE UNITED DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLES CONEY,<br><br>*Plaintiff,*<br><br>v.<br><br>MACON-BIBB COUNTY, GEORGIA and ROBERT A. B. REICHERT in his official capacity as MAYOR OF MACON-BIBB COUNTY, GEORGIA,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:19-cv-00145-TES** |
| CHARLES CONEY<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT A. B. REICHERT, as an individual,<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:19-cv-00292-TES** |

**ORDER DENYING DEFENDANTS' MOTIONS TO CONSOLIDATE CASES**

Pursuant to Local Rule 3.4, Plaintiff filed an employment discrimination lawsuit against Macon-Bibb County and its mayor in both his official and individual capacities in the United States District Court for the Middle District of Georgia, Albany Division. *Coney v. Macon-Bibb*, No. 5:19-cv-00145-TES (M.D. Ga. Sept. 28, 2019), ECF No. 1 ("*Coney I*"); *see also* LR 3.4, MDGa. Defendants subsequently filed a Motion to Transfer Case

based on their belief that the Macon Division was a more convenient forum for the parties and witnesses. *Coney I*, at ECF Nos. 10, 10-1 at p. 5; *see also* 28 U.S.C. § 1404(a)–(b). In a written order, detailing the relevant issues for discussion, Judge Gardner deferred ruling on Defendants' motion, pending an evidentiary hearing. *Coney I*, at ECF No. 19. In that Order, she acknowledged that venue was proper in Albany under Local Rule 3.4, but she also noted the obvious convenience-of-forum issue at hand. *Coney I*, at ECF No. 19 at pp. 2–5. Ultimately, Judge Gardner granted Defendants' motion and transferred Plaintiff's case, ostensibly under 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 45, to the Macon Division. *Coney I*, at ECF Nos. 19, 22.

As more fully explained in the Court's previous Order Granting Defendant's Motion to Dismiss Robert A. B. Reichert in His Individual Capacity, Plaintiff (as for *Coney I*) only properly served Defendant Macon-Bibb County and Reichert, the mayor of Macon-Bibb County, in his official capacity. *Coney I*, at ECF Nos. 4, 6, 31. Having never been properly served in his individual capacity, Reichert moved to dismiss Plaintiff's claims against him in his individual capacity for insufficient service of process. *Coney I*, at ECF No. 24; Fed. R. Civ. P. 12(b)(5). In his Response, Plaintiff undeniably indicated that if the Court granted Reichert's 12(b)(5)-based motion, he would file a separate action in order to properly serve Reichert in his individual capacity. *Coney I*, ECF No. 30 at p. 8. At that time, Reichert undeniably knew that if he

2

won his motion, he might have to defend himself in two separate lawsuits as opposed to one.

True to his word, Plaintiff filed a second lawsuit naming only Reichert in his individual capacity after the Court granted (*Coney I*, ECF No. 31) Reichert's dismissal motion. *Coney v. Reichert*, No. 5:19-cv-00292-TES (M.D. Ga. July 2, 2019), ECF No. 1 ("*Coney II*"). Now, Defendants have collectively filed two Motions to Consolidate Cases pursuant to Federal Rule of Civil Procedure 42(a). *Coney I*, at ECF No. 37; *Coney II*, at ECF No. 10. To that end, the Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).

Essentially, if the Court grants these motions, we would be back where we started had Reichert merely accepted individual-capacity service to begin with in *Coney I*—one lawsuit involving Reichert in both his official and individual capacities. Thus, the dismissal of Plaintiff's claims against Reichert from *Coney I* would have no practical effect whatsoever. What a complete waste of time and judicial resources. Defendants knew that two separate suits were a possibility, and they cannot rightfully complain of their existence when they themselves initiated this procedural strategy and put themselves in this position.

Accordingly, Defendants' Motions to Consolidate Cases (*Coney I*, at ECF No. 37; *Coney II*, at ECF No. 10) are **DENIED**. These cases shall remain separate, each with their own scheduling and discovery orders. If, after dispositive motions, a trial is required to resolve these cases, the Court will entertain renewed motions to consolidate.

**SO ORDERED**, this 17th day of October, 2019.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
